ON MOTION FOR CLARIFICATION

ROTHENBERG, J.
We grant the appellee’s motion for clarification, withdraw this court’s previous opinion dated February 8, 2012, and issue this opinion in its stead.
The appellant, Elizabeth Zulon, appeals from an order of the probate court removing her as co-personal representative of her father’s estate. Because removal was ordered without notice or an evidentiary hearing, “the ruling did not meet even the most rudimentary requirements of due process.” LoCascio v. Estate of LoCascio, 78 So.3d 573, 574 (Fla. 3d DCA 2011). We reverse and remand with instructions to reinstate the co-personal representatives;[1] discharge Mr. Peckins as successor personal representative; and conduct a duly noticed evidentiary hearing regarding the *648 removal of Elizabeth Zulon and Ana Zu-lon as co-personal representatives.[2]

. The probate court is of course free to appoint an administrator ad litem to assist in the administration of the estate until the motions for removal of the co-personal representatives have been resolved and if the prerequisites of Florida Probate Rule 5.120 are satisfied.

. We note that Ana Zulon did not object to her removal and she did not appeal the probate order removing her. However, because Ana Zulon’s consent to her removal was clearly based on the probate court's expressed intent to replace both sisters with Mr. Pec-kins, and we have reversed that ruling, we restore Ana Zulon to her original position as co-personal representative to allow her to make an informed decision going forward.